JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1000 North Texas Street, Suite A
Fairfield, CA 94533
Telephone: (707) 726-6009
Facsimile:   (925) 826-3504
justin@tabayoyonlaw.com

Attorney for Plaintiff, Jason Anthony Anderson

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ANTHONY ANDERSON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF VACAVILLE and ROBERT MYERS in his individual capacity and in his official capacity as a Police Officer for CITY OF VACAVILLE.<br><br>        Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983; and Supplemental Claims)**<br><br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343.

## VENUE AND INTRADISTRICT ASSIGNMENT

2. The unlawful acts and practices alleged herein occurred in the City of Vacaville, County of Solano, California, and this action is properly assigned to the United States District Court for the Eastern District of California. Venue lies in this Court pursuant to 28 U.S.C. § 1392(b)(2).

*Complaint for Violations of Civil Rights*

## PARTIES

3. Plaintiff JASON ANTHONY ANDERSON ("ANDERSON") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

4. Defendant ROBERT MYERS ("MYERS") was, at all times relevant hereto, employed as a police officer for CITY OF VACAVILLE. Defendant MYERS is sued as an individual as well as in his official capacity as a police officer for CITY OF VACAVILLE.

5. Defendant CITY OF VACAVILLE ("CITY"), California, is a public entity established by the law and Constitution of the State of California, and owns, operates, manages, directs, and controls the Vacaville Police Department ("VVPD") which employs other defendants in this action.

## CALIFORNIA GOVERNMENT CLAIM PREREQUISITE

6. Within six months of the events subject of this lawsuit, ANDERSON submitted a government claim to CITY in accordance with California Government Code § 910 et seq. CITY rejected ANDERSON's claim on May 11, 2018. ANDERSON files this lawsuit within the statutory prescribed period of time under the California Government Claims Act.

## GENERAL FACTUAL ALLEGATIONS

7. On or about November 13, 2017, MYERS in the course and scope of his duties as a Vacaville Police conducted a traffic stop in Vacaville, California, on a vehicle driven by ANDERSON.

8. Upon contacting ANDERSON, MYERS informed ANDERSON that there was a warrant for his arrest and placed him under arrest. ANDERSON submitted to arrest without resisting and was physically compliant in all respects. He specifically did not physically resist being place in handcuffs in any away.

9. MYERS did not have knowledge of any objective facts that would give him a reasonable belief that ANDERSON posed a threat of physical harm to him during the traffic stop or arrest.

10. After ANDERSON complied with MYERS' request to exit his vehicle, MYERS quickly grabbed ANDERSON's left arm, violently pulled on it, and twisted it behind his back with so much physical force that it immediately caused ANDERSON excruciating pain and permanent

*Complaint for Violations of Civil Rights*

injury to his left shoulder. Anderson verbalized to MYERS he was in pain immediately upon the application of force.

11. The amount of force used was completely unnecessary and clearly unreasonable under the circumstances. The use of extreme force was so excessive that it was clearly unlawful and blatantly obvious. Any reasonable law enforcement officer would have known that the amount of force used was unreasonable and excessive.

12. MYERS intentionally and immediately used unreasonable and excessive force while placing ANDERSON under arrest and putting him into handcuffs. Prior to using physical force on Anderson, MYERS did not give ANDERSON an opportunity to submit to arrest without the application of physical force. MYERS never instructed ANDERSON to place his hands behind his back on his own volition so handcuffs could be applied. MYERS was not aware of any objective facts that should have caused him to immediately resort to physical force to place handcuffs on ANDERSON instead of simply asking ANDERSON to submit to arrest by placing his hands behind his back.

13. On information and belief, MYERS' immediate resort to excessive force to place ANDERSON in handcuffs was a proximate result of VVPD's failure to properly and adequately train, investigate, supervise, monitor, evaluate, and discipline MYERS and other officers.

14. MYERS caused ANDERSON to be booked into the Solano County Jail because of the warrant. During the jail intake process, ANDERSON was in severe pain from the injury to his left shoulder caused by MYERS. ANDERSON informed correctional officers of the injuries he had sustained from MYERS' excessive force during the intake process.

15. After being released from jail, ANDERSON sought medical treatment on November 17, 2018, at Northbay Medical Center in Fairfield, California. The injury MYERS caused to ANDERSON's left shoulder requires surgery.

16. MYERS' excessive use of force caused and causes ANDERSON emotional distress.

*Complaint for Violations of Civil Rights*

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 -- Individual Liability for Excessive Force

### (Against MYERS)

17. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

18. In doing the acts and omissions complained of herein, MYERS acted under color of state law to deprive ANDERSON of the clearly established constitutionally protected right to be free from the use of excessive and unreasonable force by police officers while being arrested. This right is a substantive guarantee under the Fourth Amendment to the United States Constitution, which has been incorporated and applies to the states through the Fourteenth Amendment.

19. MYER used force in arresting ANDERSON.

20. MYERS' use of force was excessive and unreasonable.

21. ANDERSON was harmed.

22. MYERS' use of excessive force was a substantial factor is causing ANDERSON's harm as alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Battery by Peace Officer

### (Against MYERS)

23. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

24. MYERS intentionally touched ANDERSON with the intent to cause harm or offend him.

25. MYERS used unreasonable force to arrest ANDERSON.

26. Without resisting, ANDERSON did not consent to the touching or use of unreasonable force.

27. ANDERSON was harmed by MYERS' conduct.

28. MYERS' conduct was a substantial factor in causing ANDERSON's harm.

*Complaint for Violations of Civil Rights*

29. ANDERSON is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, ANDERSON prays for an award of punitive damages against MYERS.

30. MYERS' acts and/or omissions were done within the course and scope of his employment with VVPD. Therefore, CITY is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against MYER)

31. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

32. MYERS conduct as described herein was outrageous because there was no reason to use excessive force to arrest ANDERSON who was fully cooperating.

33. In engaging in the conduct as described herein MYERS intended to cause or recklessly disregarded the foreseeable risk that ANDERSON would suffer extreme emotional distress because of his conduct.

34. Because of MYERS' intentional acts and/or omissions, ANDERSON suffered emotional distress and will continue to do so. Because of the incident ANDERSON experiences severe anxiety in public while driving and fears that he will again be pulled over and brutalized by police. He also sometimes has trouble sleeping at night because of his experience with MYERS.

35. MYERS' actions were a substantial factor in causing ANDERSON severe emotional distress.

36. ANDERSON is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, ANDERSON prays for an award of punitive damages against MYERS.

5

37. MYERS' acts and/or omissions were done within the course and scope of his employment with VVPD. Therefore, CITY is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against all Defendants)

38. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

39. This action is brought pursuant to sections 820 and 815.2 of the California Government Code.

40. Pursuant to section 820 of the California Government Code, as public employees, MYERS is liable for injuries caused by his acts or omission to the same extent as a private person.

41. CITY is liable for injuries proximately caused by acts or omissions of its employees within the scope of their employment pursuant to California Government Code section 815.2, subdivision (a).

42. At all times mentioned herein, MYERS was acting within the course and scope of his employment with VVPD. As such, CITY is liable in *respondeat superior* for the injuries cause by them.

43. At the time of the subject incident MYERS owed ANDERSON a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

44. At all times MYERS owed ANDERSON the duty to act with reasonable care. The general duty of reasonable care owed to ANDERSON by Defendants, and/or each of them, include but are not limited to refraining from using excessive and/or unreasonable force against ANDERSON. Additionally, these general duties of reasonable care and due care owed to ANDERSON by Defendant CITY includes but is not limited to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers always act in the

6

public interest and in conformance with law.

45. Defendants, and/or each of them, in doing the acts and/or omissions as alleged in the preceding and subsequent paragraphs, negligently breached each one of the duties owed to ANDERSON.

46. The negligent acts and/or omissions of Defendants, and/or each of them, caused and/or will continue to cause ANDERSON to suffer severe emotional distress.

47. Because of the negligence of Defendants, and/or each of them, ANDERSON incurred damages, and will continue to incur emotional distress.

48. The actions of Defendants, and/or each of them, were a substantial factor in causing ANDERSON severe emotional distress.

49. As a direct and proximate result of the negligence of Defendants, and/or each of them, ANDERSON sustained injuries and damages, and against each Defendant are entitled to relief, including punitive damages against MYERS.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each Defendant herein, jointly and severally:

a. special and general damages in an amount to be determined according to proof and which is fair, just, and reasonable;

b. for punitive damages, as permitted by law and according to proof, as to defendant MYERS;

c. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§1983, 1988, and as otherwise may be allowed by federal law; and

d. such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and claims for relief.

Dated:8/29/2018                    **LAW OFFICES OF JUSTIN KIRK TABAYOYON**


                                   By:    /S/ Justin Kirk Tabayoyon
                                          JUSTIN KIRK TABAYOYON
                                          Attorney for Plaintiff

*Complaint for Violations of Civil Rights*